# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2023

Lyle W. Cayce
Clerk

_____

No. 22-40473
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Tommy Ray Butler,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-159-9

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Tommy Ray Butler pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine and was sentenced to 262 months of imprisonment. His guidelines sentencing range was driven by the district court's application of U.S.S.G.

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-40473

§ 4B1.1's career offender provision in light of Butler's two prior convictions for controlled-substance offenses. Butler argued that one of his prior convictions did not qualify as a predicate offense because it was for conspiracy, and the text of the § 4B1.1 and U.S.S.G. § 4B1.2(b), which defines the term "controlled substance offense," does not include inchoate offenses like conspiracy. The district court overruled the objection, reasoning that the commentary to § 4B1.2 states that conspiracy offenses are to be included. Butler timely appealed.

After asserting that his guilty plea was knowing and voluntary, Butler argues in his opening brief that inchoate offenses should not be used as predicate offenses to enhance a sentence, but he couches his argument in terms of the Armed Career Criminal Act, which is inapplicable here. The Government argues in its brief that the § 4B1.1 enhancement was properly applied. After the Government's brief was filed, our decision in *United States v. Vargas*, 74 F.4th 673, 698 (5th Cir. 2023) (en banc), foreclosed the issue against Butler. In his reply brief, Butler reiterated his argument against the § 4B1.1 career-offender enhancement. We exercise our discretion to consider Butler's reply-brief argument since, under the circumstances presented here, doing so would not surprise or disadvantage the Government. *See United States v. Peterson*, 977 F.3d 381, 394 n.5 (5th Cir. 2020); *United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010); *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).

Butler correctly concedes that his § 4B1.1 argument is foreclosed by *Vargas*, 74 F.4th at 698. He raises the issue only to preserve it for further review.

AFFIRMED.